TREG R. TAYLOR
ATTORNEY GENERAL

Ronald W. Opsahl (Alaska Bar No. 2108081)
Assistant Attorney General
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Fax: (907) 276-3697
Email: ron.opsahl@alaska.gov

Kathleen C. Schroder (*pro hac vice*)
Gail L. Wurtzler (*pro hac vice*)
Mark E. Champoux (*pro hac vice*)
Nicholas R. Peppler (*pro hac vice*)
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379
Email: katie.schroder@dgslaw.com
        gail.wurtzler@dgslaw.com
        mark.champoux@dgslaw.com
        nick.peppler@dgslaw.com

Attorneys for the State of Alaska

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, NORTH SLOPE BOROUGH, and ARCTIC SLOPE REGIONAL CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>　　and | Case No. 3:21-cv-00245-SLG<br><br>**COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

*AIDEA, et al. v. Biden, et al.*　　　　　　　　　　　　　　Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention　　　　　　　　　　Page 1 of 15
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 1 of 15

| STATE OF ALASKA, | ) |
| --- | --- |
| Intervenor-Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JOSEPH R. BIDEN, JR. in his official capacity as President of the United States, UNITED STATES DEPARTMENT OF THE INTERIOR, DEB HAALAND, in her official capacity as Secretary of the Department of the Interior, LAURA DANIEL-DAVIS, in her official capacity as Principal Deputy Assistant Secretary, Land and Mineral Management, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management, and THOMAS HEINLEIN, in his official capacity as Director of the Bureau of Land Management Alaska Office, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## INTRODUCTION

1. The State of Alaska brings this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, the Alaska National Interests Lands Conservation Act ("ANILCA"), Pub. L. 96-487, 94 Stat. 2371 (1980) (codified as amended in scattered sections of 16 U.S.C. and 43 U.S.C.), and the Tax Cuts and Jobs Act § 20001 ("Tax Act"), Pub. L. 115-97, 131 Stat. 2054, 2235-2237 (2017).

2. The State challenges the defendants' indefinite suspension of the federal leasing program covering the Alaska National Wildlife Refuge Coastal Plain through and

*AIDEA, et al. v. Biden, et al.*  
State of Alaska's Complaint in Intervention  
Case No. 3:21-cv-00245-SLG  
Page 2 of 15  
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 2 of 15


*AIDEA, et al. v. Biden, et al.*  
State of Alaska's Complaint in Intervention  
Case No. 3:21-cv-00245-SLG  
Page 2 of 15  
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 2 of 15

in response to President Biden's Executive Order 13990, *Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis*, on January 20, 2021. *See* 86 Fed. Reg. 7037, 7039-7040, § 4 (Jan. 25, 2021).

## PARTIES

3. The Plaintiff State of Alaska is a sovereign state, with an interest in royalty payments and other potential revenues derived from oil and gas production in the Coastal Plain and the economic opportunities for Alaska's citizens that responsible oil and natural gas development provides.

4. Defendant Joseph R. Biden, Jr., is the President of the United States and is being sued in his official capacity.

5. Defendant United States Department of the Interior ("DOI") is an agency of the United States.

6. Defendant Deb Haaland is the Secretary of the Interior and is being sued in her official capacity.

7. Defendant Bureau of Land Management ("BLM") is an agency within the DOI.

8. Defendant Tracy Stone-Manning is the Director of BLM and is being sued in her official capacity.

9. Defendant Thomas Heinlein is the Acting Director of the BLM Alaska Office and is being sued in his official capacity.

*AIDEA, et al. v. Biden, et al.*            Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention            Page 3 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 3 of 15

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case because it arises under the laws of the United States. *See* 28 U.S.C. §§ 1331, 2201; 5 U.S.C. §§ 701-706.

11. This Court has jurisdiction over this action because the judicial review provisions of the APA waive the sovereign immunity of the Federal government, and provide a right of judicial review for persons suffering a legal wrong because of agency action or who are adversely affected or aggrieved by agency action within the meaning of a relevant statute. 5 U.S.C. § 702.

12. This Court has jurisdiction over this action because the APA provides a right of judicial review for final agency action for which there is no other adequate remedy. 5 U.S.C. § 704.

13. This Court has jurisdiction over this action because the APA authorizes this Court to decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action, and to hold unlawful and set aside agency action that is not in accordance with law or is in excess of statutory jurisdiction. 5 U.S.C. § 706.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because this action is brought against officers of agencies of the United States in their official capacities and the Department of the Interior and the Bureau of Land Management, and actions and decisions challenged by this lawsuit were made, at least in part, in Alaska, and have a direct impact in the State. Additionally, all of the property that is the subject of this action is situated in Alaska.

*AIDEA, et al. v. Biden, et al.*      Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention      Page 4 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 4 of 15

15. The Court has personal jurisdiction over the individual defendants in this case pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to this action occurred in Alaska and because all of the property that is the subject of this action is situated in Alaska.

**FACTS**

16. The Arctic National Wildlife Range was established in 1960. In 1980, Congress expanded and redesignated it the Arctic National Wildlife Refuge ("ANWR") as part of ANILCA, withdrawing most of it from oil and gas development.

17. However, Congress expressly deferred its decision on whether oil and gas development would be permitted in the area of ANWR with the greatest potential for hydrocarbon exploration and development, an approximately 1.56-million-acre area along Alaska's northern coast, known as the "Coastal Plain" or the "Section 1002 Area." 16 U.S.C. §§ 3142, 3143 (ANILCA § 1002, 1003).

18. In 2017, Congress decided that oil and gas development of the Coastal Plain was appropriate and authorized it as part of the Tax Cuts and Jobs Act of 2017. Tax Act § 20001.

19. The Tax Act mandates that the Secretary of the Interior "shall establish and administer a competitive oil and gas program for the leasing, development, production, and transportation of oil and gas in and from the Coastal Plain." Tax Act § 20001(c)(1)(A). The Act further requires the Secretary to "conduct not fewer than 2 lease sales area-wide under the oil and gas program under this section," with the first

*AIDEA, et al. v. Biden, et al.*                 Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention        Page 5 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 5 of 15

occurring no later than 4 years after the enactment of the Tax Act, and the second occurring no later than 7 years after enactment. *Id*. § 20001(c)(1)(B)(ii).

20. In August 2020, BLM completed its environmental review of the Coastal Plain oil and gas leasing program mandated by the Tax Act, and issued its Coastal Plain Oil and Gas Leasing Program Record of Decision, approving the leasing program.

21. A series of lawsuits were filed seeking judicial review of BLM's environmental analysis and Record of Decision. The defendant agencies here asserted in that lawsuit that the environmental analysis and Record of Decision complied with federal law, including the National Environmental Policy Act, ANILCA, the National Wildlife Refuge System Administration Act, the National Historic Preservation Act, the Endangered Species Act, the Wilderness Act, and the Tax Act.

22. In January 2021, BLM conducted the first of at least two Coastal Plain lease sales required by the Tax Act. The Alaska Industrial Development and Energy Authority ("AIDEA") was one of the successful bidders.

23. On January 20, 2021, his first day in office, President Biden issued an executive order directing that "[i]n light of the alleged legal deficiencies underlying the program, including the inadequacy of the environmental review required by the National Environmental Policy Act, the Secretary of the Interior shall, as appropriate and consistent with applicable law, place a temporary moratorium on all activities of the Federal Government relating to the implementation of the Coastal Plain Oil and Gas Leasing Program, as established by the Record of Decision signed August 17, 2020, in the Arctic National Wildlife Refuge." Executive Order 13990, § 4(a).

*AIDEA, et al. v. Biden, et al.*     Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention     Page 6 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 6 of 15

24. On June 1, 2021, the Secretary of the Interior issued Order No. 3401 bringing a halt to "all Activities in the Arctic National Wildlife Refuge Relating to the Coastal Plain Oil and Gas Leasing Program."

25. Citing alleged "legal deficiencies in the underlying record supporting the leases," the order directed that "the Directors of the Bureau of Land Management (BLM) and the U.S. Fish and Wildlife Service shall not take any action to authorize any aspect of the Program, including, but not limited to, any leasing, exploration, development, production, or transportation, and shall not process any pending or future applications for such activities," until a new "comprehensive environmental analysis" has been completed.

26. This order imposes a moratorium on all federal approvals of oil and gas operations on the Coastal Plain. The moratorium is a substantive rule because it has the force of law and is binding on agency personnel.

27. The Secretary's order is a final agency action under the APA because it "marks the consummation of the agency's decision making process" and the action is "one by which rights and obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997)).

28. The Department did not comply with the mandatory notice and comment requirements of the Administrative Procedures Act before imposing the moratorium.

29. In August 2021, BLM announced that it would delay the processing of permit applications to conduct archeological surveys on Coastal Plain leases until the new

*AIDEA, et al. v. Biden, et al.*     Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention     Page 7 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 7 of 15

environmental impact statement had been completed. Archeological surveys are not "lease operations" and a BLM lease is not required to conduct such a survey.

30. BLM's refusal to process Coastal Plain permit applications constitute final agency action.

31. On August 4, 2021, BLM issued a Notice of Intent to Prepare a Supplemental Environmental Impact Statement for the Coastal Plain Oil and Gas Leasing Program. The Notice effectively reopens the December 2020 lease sale because, by the Notice's terms, BLM will consider alternatives to the current leasing program that could purport to affect the validity of or alter the terms of leases included in the December 2020 sale.

32. The defendants' actions directly harm the State and its people. Under the Tax Act and other applicable law, the State earns revenues from sales, bonuses, royalties, and rentals associated with Coastal Plain oil and gas leasing. Additionally, oil and gas development benefits the State through, among other things, corporate income taxes and employment opportunities for Alaskans. The State uses revenues from taxes and oil and gas leasing activity for various purposes that benefit Alaskans, including to protect wildlife and natural resources.

33. By directing and implementing a moratorium on oil and gas development in the Coastal Plain despite Congress's direction otherwise, defendants threaten to deprive the State of the benefits it would otherwise receive from such development.

*AIDEA, et al. v. Biden, et al.*  Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention  Page 8 of 15
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 8 of 15

# COUNT ONE: VIOLATION OF APA NOTICE-AND-COMMENT REQUIREMENTS

34. The State realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

35. Under the Administrative Procedure Act ("APA"), before issuing a substantive rule, an agency must publish a notice of the proposed rule in the Federal Register, provide a period for interested parties to submit comments on the proposed rule, and publish the adopted rule at least thirty days before its effective date. 5 U.S.C. § 553.

36. The APA provides that a reviewing court shall "hold unlawful and set aside agency action . . . found to be . . . (D) without observance of procedure required by law."

37. The moratorium is a substantive rule.

38. The Department of the Interior did not comply with the notice and comment requirements before imposing the moratorium.

39. The moratorium is thus an agency action imposed without observance of procedure required by law and should be set aside.

# COUNT TWO: VIOLATION OF APA—ACTION CONTRARY TO LAW

40. The State realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

41. Under the APA, if a reviewing court finds that an agency action is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," the court must hold the action unlawful and set it aside. 5 U.S.C. § 706(2)(C).

*AIDEA, et al. v. Biden, et al.*          Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention          Page 9 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 9 of 15

42. The Tax Act requires that the Secretary administer a competitive program to lease and develop oil and gas from the Coastal Plain, including by conducting not fewer than 2 lease sales.

43. No statute authorizes President Biden or the Secretary of the Interior to impose a moratorium on the oil and gas development program mandated by the Tax Act.

44. The moratorium is thus contrary to law and should be set aside.

### COUNT THREE: VIOLATION OF APA—AGENCY ACTION UNREASONABLY DELAYED OR WITHHELD

45. The State realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

46. Under the APA, a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

47. Through the moratorium, the Secretary has unreasonably delayed and unlawfully withheld the issuance of leases, rights-of-way, and easements for the exploration, development, and transportation necessary to develop oil and gas in the Coastal Plain as required by Section 20001 of the Tax Act.

48. Pursuant to the moratorium, BLM has unreasonably delayed and unlawfully withheld permits to conduct archeological surveys on Coastal Plain leases.

### COUNT FOUR: VIOLATION OF APA—ARBITRARY AND CAPRICIOUS ACTION

49. The State realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

*AIDEA, et al. v. Biden, et al.*     Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention     Page 10 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 10 of 15

50. Under the APA, if a reviewing court finds that an agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," the court must hold the action unlawful and set it aside. 5 U.S.C. § 706(2)(A).

51. In the 2020 Record of Decision and in defense against lawsuits challenging the Record of Decision, the defendants asserted that the environmental review of the leasing program complied with the law.

52. The moratorium relies on or constitutes a reversal of this position.

53. When an agency changes its official position, it must provide a reasoned explanation for doing so. *E.g.*, *FCC v. Fox Television Studios, Inc.*, 556 U.S. 502, 515-516 (2009) ("a reasoned explanation is needed for disregarding facts and circumstances that underlay or were engendered by the prior policy").

54. The defendants have failed to satisfy the APA's requirements to reverse their policies and positions and therefore have acted in an arbitrary and capricious manner.

## COUNT FIVE: VIOLATION OF TAX CUTS AND JOBS ACT AND ANILCA

55. The State realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

56. The Tax Act directs the Secretary to "establish and administer a competitive oil and gas program for the leasing, development, production, and transportation of oil and gas in and from the Coastal Plain." Tax Act § 20001(b)(2)(A).

*AIDEA, et al. v. Biden, et al.*            Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention            Page 11 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 11 of 15

57. The Act requires the Secretary to "conduct not fewer than 2 lease sales area-wide under the oil and gas program under this section," with the first occurring no later than 4 years after the enactment of the Tax Act, and the second occurring no later than 7 years after enactment. *Id*. § 20001(c)(1)(B)(ii).

58. Executive Order 13990 and Secretarial Order 3401 imposed a moratorium on oil and gas development in the Coastal Plain.

59. This moratorium violates the mandate of the Tax Act to administer a leasing program and conduct lease sales, including one by December 22, 2021.

60. The moratorium also violates an express purpose of ANILCA "to provide for an oil and gas program on the Coastal Plain." *Id.* § 20001(b)(2)(B).

61. The moratorium is unlawful and should be vacated and enjoined.

## COUNT SIX: ULTRA VIRES ACTION

62. The State realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

63. Through Section 4(a) of Executive Order 13990, the President directed the Secretary to institute a moratorium on the Coastal Plain oil and gas development program.

64. By so doing, the President contradicted Congress's mandate expressed in the Tax Act, and otherwise directed executive agency action not authorized by Congress.

65. As a result, Section 4(a) of Executive Order 13990 is ultra vires beyond the President's authority and should be enjoined and set aside.

*AIDEA, et al. v. Biden, et al.*  Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention  Page 12 of 15
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 12 of 15

# PRAYER FOR RELIEF

**WHEREFORE** Plaintiff requests that this Court.

1. Issue a declaratory judgment that Secretary of Interior Order No. 3401 was issued without complying with required notice and comment procedures under the APA, and therefore is unlawful, as described in this Complaint;

2. Issue a declaratory judgment that Department of Interior Order No. 3401, exceeds or violates statutory authority and therefore is unlawful, as described in this Complaint;

3. Issue a declaratory judgment that, through Department of Interior Order No. 3401, the Secretary has delayed and withheld the issuance of leases, rights-of-way, and easements for the exploration, development, and transportation necessary to develop oil and gas in the Coastal Plain, which constitutes agency action unlawfully withheld or unreasonable delayed under the APA;

4. Issue a declaratory judgment that Defendants' reversals in their policies and positions, as described in this Complaint, were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law";

5. Issue a declaratory judgment that Defendants' violations of the Tax Act and ANILCA as described in this Complaint are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law";

6. Issue a permanent injunction setting aside Secretary of Interior Order No. 3401 and all actions taken to implement the Order;

*AIDEA, et al. v. Biden, et al.*                                                     Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention                          Page 13 of 15
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 13 of 15

7. Issue a permanent injunction prohibiting Defendants from taking any actions based on Section 4(a) of Executive Order 13990;

8. Issue a permanent injunction compelling Defendants to proceed with leasing and development of the Coastal Plain as mandated by Congress in ANILCA and the Tax Act;

9. Retain continuing jurisdiction of this matter until the Defendants fully remedy the violations of law complained of herein;

10. Grant Plaintiff its costs, expenses, and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

11. Grant Plaintiff such further relief as this Court deems appropriate.

DATED: February 17, 2022.

> TREG R. TAYLOR
> ATTORNEY GENERAL
>
> By: /s/ Ronald W. Opsahl
> Ronald W. Opsahl (Alaska Bar No. 2108081)
> Assistant Attorney General
> Department of Law
> 1031 W. 4th Avenue, Suite 200
> Anchorage, AK 99501
> Telephone: (907) 269-5232
> Facsimile: (907) 279-2834
> Email: ron.opsahl@alaska.gov

*AIDEA, et al. v. Biden, et al.*     Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention     Page 14 of 15
Case 3:21-cv-00245-SLG    Document 22    Filed 02/17/22    Page 14 of 15

By: */s/ Kathleen C. Schroder*
Kathleen C. Schroder (*pro hac vice*)
Gail L. Wurtzler (*pro hac vice*)
Mark E. Champoux (*pro hac vice*)
Nicholas R. Peppler (*pro hac vice*)
Davis Graham & Stubbs LLP
1550 Seventeenth St., Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379
Email: katie.schroder@dgslaw.com
gail.wurtzler@dgslaw.com
mark.champoux@dgslaw.com
nick.peppler@dgslaw.com

Attorneys for the State of Alaska

*AIDEA, et al. v. Biden, et al.*     Case No. 3:21-cv-00245-SLG
State of Alaska's Complaint in Intervention     Page 15 of 15
Case 3:21-cv-00245-SLG   Document 22   Filed 02/17/22   Page 15 of 15