Matthew N. Newman (AK Bar No. 1305023)
Megan R. Condon (AK Bar No. 1810096)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: 907-276-0680
mnewman@narf.org
mcondon@narf.org

*Lead Counsel for Applicant Intervenor Defendants Native Village of Venetie*
*Tribal Government, Arctic Village Council, and Venetie Village Council*

Peter H. Van Tuyn (AK Bar No. 8911086)
Karen E. Schmidt (AK Bar No. 1211113)
BESSENYEY & VAN TUYN, LLC
310 K Street, Suite 200
Anchorage, AK 99501
Phone: 907-278-2000
peter@bvt-law.com
karen@bvt-law.com

*Co- Counsel for Applicant Intervenor Defendants Native Village of Venetie*
*Tribal Government, Arctic Village Council, and Venetie Village Council*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, *et al.*, | Case No. 3:21-cv-00245-SLG |
| Plaintiffs, | |
| and | |
| STATE OF ALASKA, | |
| Intervenor-Plaintiff, | |

v.

JOSEPH R. BIDEN, JR., *et al.*,

Defendants.

## [APPLICANT] INTERVENOR-DEFENDANTS' [PROPOSED] ANSWER TO AIDEA et al.'s FIRST AMENDED COMPLAINT

Applicant Intervenor-Defendants Native Village of Venetie Tribal Government, Arctic Village Council, and Venetie Village Council (Tribes) answer and respond to the Alaska Industrial Development and Export Authority (AIDEA), North Slope Borough (Borough), and Arctic Slope Regional Corporation's (ASRC) (collectively the Plaintiffs) First Amended Complaint (ECF No. 7). The Tribes deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied or qualified in this [Proposed] Answer.

## INTRODUCTION

1. The allegations in Paragraph 1 are Plaintiffs' characterizations of Defendants' actions and intent and legal conclusions and require no answer; except that Tribes deny Plaintiffs' characterization of the actions of Defendants as unlawful.

2. The allegations in Paragraph 2 are Plaintiffs' characterizations of congressional actions and the law and require no answer. To the extent that the allegations characterize specific provisions of the Alaska National Interest Lands Conservation Act (ANILCA) or legislation passed by Congress in 2017, the statutes

themselves are the best evidence of their content and no response is required. To the extent there are allegations in Paragraph 2 to which a response is required, the Tribes deny the allegations.

3.     The Tribes admit that the Bureau of Land Management (BLM) completed an environmental review process for an Arctic Refuge Coastal Plain leasing program in August 2020. The Tribes deny that it was extensive. To the extent there are further allegations in Paragraph 3 to which a response is required, the Tribes deny the allegations.

4.     The Tribes admit that BLM held an Arctic Refuge Coastal Plain lease sale in January 2021. To the extent that the allegations characterize what the law requires, the law itself is the best evidence of its content and no response is required. To the extent there are further allegations in Paragraph 4 to which a response is required, the Tribes deny the allegations.

5.     The Tribes admit the allegations in Paragraph 5.

6.     The Tribes admit that President Biden issued Executive Order 13990 on January 20, 2021. To the extent that the allegations characterize what the executive order accomplishes, the order itself is the best evidence of its content and no response is required. To the extent there are further allegations in Paragraph 6 to which a response is required, the Tribes deny the allegations.

7.     To the extent that the allegations in the first and second sentences of Paragraph 7 characterize what the executive order and secretarial order accomplish, the

orders themselves are the best evidence of their content and no response is required. To the extent that the allegations in the third sentence of Paragraph 7 characterize what the secretarial order accomplishes, the order itself is the best evidence of its content and no response is required. To the extent there are further allegations in Paragraph 7 to which a response is required, the Tribes deny the allegations.

8.     The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent Paragraph 8 contains factual allegations, the Tribes deny them.

9.     The allegations in Paragraph 9 characterize Plaintiffs' requested relief to which no response is required. To the extent the allegations constitute legal conclusions, the law is the best evidence of its content, and no response is required. To the extent there are further allegations in this Paragraph to which a response is required, the Tribes deny the allegations, including that Plaintiffs are entitled to the requested relief.

## PARTIES

10.     The Tribes admit that AIDEA is a public corporation of the State of Alaska. The allegations in the second and fifth sentences of Paragraph 10 characterize the law. The law is best evidence of its content and thus no response is required. The allegations in the third and fourth sentences of Paragraph 10 are Plaintiffs' characterizations of AIDEA and its work, and the Tribes lack sufficient information or knowledge to admit or deny them. To the extent there are further allegations in Paragraph 10 to which a response is required, the Tribes deny the allegations.

11.     To the extent that the allegations in Paragraph 11 characterize the law, the law itself is the best evidence of its content and no response is required.  The Tribes are without sufficient information or knowledge to admit or deny all other allegations in Paragraph 11.  To the extent there are allegations in Paragraph 11 to which a response is required, the Tribes deny the allegations.

12.     To the extent that the allegations in Paragraph 12 characterize the law, the law itself is the best evidence of its content and no response is required.  The Tribes are without sufficient information or knowledge to admit or deny all other allegations in Paragraph 12.  To the extent there are allegations in Paragraph 12 to which a response is required, the Tribes deny the allegations.

13.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 13.  To the extent there are allegations in Paragraph 13 to which a response is required, the Tribes deny the allegations.

14.     The Tribes admit the allegations in Paragraph 14.

15.     The Tribes admit the allegations in Paragraph 15.

16.     The Tribes admit the allegations in Paragraph 16.

17.     The Tribes admit the allegations in Paragraph 17.

18.     The Tribes admit the allegations in Paragraph 18.

19.     The Tribes admit the allegations in Paragraph 19.

20.     The Tribes admit the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 constitute legal conclusions, to which no response is required.  To the extent there are any factual allegations in Paragraph 21, the Tribes deny the allegations.

22.     To the extent that allegations in paragraph 22 characterize the law or constitute legal conclusions, no response is required.  To the extent that there are factual allegations in Paragraph 22 the Tribes are without sufficient information and knowledge to admit or deny such allegations.  To the extent there are allegations in Paragraph 22 to which a response is required, the Tribes deny the allegations.

## BACKGROUND

23.     The allegations in Paragraph 23 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 23 to which a response is required, the Tribes deny the allegations.

24.      The allegations in Paragraph 24 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 24 to which a response is required, the Tribes deny the allegations.

25.     The allegations in Paragraph 25 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 25 to which a response is required, the Tribes deny the

allegations.

26.     The allegations in Paragraph 26 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 26 to which a response is required, the Tribes deny the allegations.

27.     The allegations in Paragraph 27 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 27 to which a response is required, the Tribes deny the allegations.

28.     The allegations in Paragraph 28 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 28 to which a response is required, the Tribes deny the allegations.

29.     The allegations in Paragraph 29 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 29 to which a response is required, the Tribes deny the allegations.

30.     The allegations in Paragraph 30 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 30 to which a response is required, the Tribes deny the allegations.

31.     The allegations in Paragraph 31 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 31 to which a response is required, the Tribes deny the allegations.

32.     The allegations in Paragraph 32 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 32 to which a response is required, the Tribes deny the allegations.

33.     The Tribes admit that President Eisenhower designated approximately 8.9 million acres of land in northeastern Alaska as a federally protected wildlife refuge, initially named the Arctic National Wildlife Range and later the Arctic National Wildlife Refuge.  To the extent there are further allegations in Paragraph 33, the Tribes deny the allegations.

34.     The Tribes admit the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 35 to which a response is required, the Tribes deny the allegations.

36.     The allegations in Paragraph 36 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 36 to which a response is required, the Tribes deny the

allegations.

37. To the extent that the allegations in Paragraph 37 characterize the law, the law itself is the best evidence of its content, and thus no response is required. The Tribes deny that Congress set aside 1.5 million acres of the Arctic National Wildlife Refuge for potential oil and gas development. To the extent there are further allegations in Paragraph 37 to which a response is required, the Tribes deny the allegations.

38. The allegations in Paragraph 38 characterize the law which itself is the best evidence of its content, and thus no response is required. The Tribes admit that the Arctic Refuge Coastal Plain land area identified in Section 1002 of ANILCA is sometimes referred to as the "1002 Area." To the extent there are further allegations in Paragraph 38 to which a response is required, the Tribes deny the allegations.

39. The allegations in Paragraph 39 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 39 to which a response is required, the Tribes deny the allegations.

40. The allegations in Paragraph 40 characterize a report, which is itself the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 40 to which a response is required, the Tribes deny the allegations.

41. The allegations in Paragraph 41 characterize action by Secretary of Interior Hodel, which itself is the best evidence of his action, and thus no response is required.

To the extent there are allegations in Paragraph 41 to which a response is required, the Tribes deny the allegations.

42. The Tribes admit that the Tax Cuts and Jobs Act of 2017 was signed into law on December 22, 2017. The allegations in Paragraph 42 that characterize that law do not require a response as the law itself is the best evidence of its content. To the extent there are further allegations in Paragraph 42 to which a response is required, the Tribes deny the allegations.

43. The allegations in Paragraph 43 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 43 to which a response is required, the Tribes deny the allegations.

44. The allegations in Paragraph 44 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 44 to which a response is required, the Tribes deny the allegations.

45. The allegations in Paragraph 45 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 45 to which a response is required, the Tribes deny the allegations.

46. The allegations in Paragraph 46 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are

allegations in Paragraph 46 to which a response is required, the Tribes deny the allegations.

47.     The allegations in Paragraph 47 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 47 to which a response is required, the Tribes deny the allegations.

48.     The allegations in Paragraph 48 quote and characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 48 to which a response is required, the Tribes deny the allegations.

49.     The allegations in Paragraph 49 quote the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 49 to which a response is required, the Tribes deny the allegations.

50.     The allegations in Paragraph 50 characterize and quote the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 50 to which a response is required, the Tribes deny the allegations.

51.     The allegations in Paragraph 51 characterize the law which itself is the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 51 to which a response is required, the Tribes deny the

allegations.

52.     The allegations in Paragraph 52 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 52 to which a response is required, the Tribes deny the allegations.

53.     The allegations in Paragraph 53 characterize the law which itself is the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 53 to which a response is required, the Tribes deny the allegations.

54.     The Tribes admit that the Native Village of Kaktovik participated in the environmental review process as a cooperating agency.  The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 54. To the extent there are allegations in Paragraph 54 to which a response is required, the Tribes deny the allegations.

55.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 55.  To the extent there are allegations in Paragraph 55 to which a response is required, the Tribes deny the allegations.

56.     To the extent that the allegations in Paragraph 56 characterize a report, the report provides the best evidence of its content, and no response is required.  The Tribes are without sufficient information or knowledge to admit or deny further allegations in Paragraph 56.  To the extent there are allegations in Paragraph 56 to which a response is

required, the Tribes deny the allegations.

57.     To the extent that the allegations in Paragraph 57 characterize a document prepared by the United States Geological Survey, that document provides the best evidence of its content, and no response is required.  The Tribes are without sufficient information or knowledge to admit or deny further allegations in Paragraph 57.  To the extent there are allegations in Paragraph 57 to which a response is required, the Tribes deny the allegations.

58.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 58.  To the extent there are allegations in Paragraph 58 to which a response is required, the Tribes deny the allegations.

59.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 59.  To the extent there are allegations in Paragraph 59 to which a response is required, the Tribes deny the allegations.

60.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 60.  To the extent there are allegations in Paragraph 60 to which a response is required, the Tribes deny the allegations.

61.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 61.  To the extent there are allegations in Paragraph 61 to which a response is required, the Tribes deny the allegations.

62.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 62.  To the extent there are allegations in Paragraph 62

to which a response is required, the Tribes deny the allegations.

63.     To the extent that the allegations in Paragraph 63 characterize a document prepared by the United States Geological Survey, that document provides the best evidence of its content, and no response is required.  The Tribes are without sufficient information or knowledge to admit or deny further allegations in Paragraph 63.  To the extent there are allegations in Paragraph 63 to which a response is required, the Tribes deny the allegations.

64.     The Tribes are without sufficient information or knowledge to admit or deny allegations in Paragraph 64.  To the extent there are allegations in Paragraph 64 to which a response is required, the Tribes deny the allegations.

65.     The Tribes are without sufficient information or knowledge to admit or deny allegations in Paragraph 65.  To the extent there are allegations in Paragraph 65 to which a response is required, the Tribes deny the allegations.

66.     The Tribes admit that BLM initiated an environmental review for the Coastal Plain Oil and Gas Leasing Program after 2017, that there was a 60-day scoping period, that BLM issued a draft environmental impact statement (DEIS), that there was a 75-day comment period on the DEIS, and that BLM held public meetings.  The Tribes are without sufficient information or knowledge to admit or deny further allegations in Paragraph 66.  To the extent there are allegations in Paragraph 66 to which a response is required, the Tribes deny the allegations.

67.     The allegations in the first sentence of Paragraph 67 characterize BLM's

DEIS and final environmental impact statement (FEIS), documents which themselves provide the best evidence of their content, and thus no response is required. The allegation in the second sentence of Paragraph 67 characterizes the FEIS, which provides the best evidence of its content, and no response is required. To the extent there are allegations in Paragraph 67 to which a response is required, the Tribes deny the allegations.

68.     The Tribes are without sufficient information or knowledge to admit or deny further allegations in Paragraph 68. To the extent there are allegations in Paragraph 68 to which a response is required, the Tribes deny the allegations.

69.     The Tribes admit that BLM issued a record of decision (ROD) in August 2020. The Tribes are without sufficient information or knowledge to admit or deny the remaining allegations in the first sentence of Paragraph 69. The remaining allegations in Paragraph 69 characterize contents of the ROD, which provides the best evidence of its content, and no response is required. To the extent there are other allegations in Paragraph 69 to which a response is required, the Tribes deny the allegations.

70.     The allegations in Paragraph 70 characterize and quote the ROD, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 70 to which a response is required, the Tribes deny the allegations.

71.     The allegations in Paragraph 71 characterize and quote the ROD, which provides the best evidence of its content, and thus no response is required. To the extent

there are allegations in Paragraph 71 to which a response is required, the Tribes deny the allegations.

72.     The allegations in Paragraph 72 characterize and quote the ROD, which provides the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 72 to which a response is required, the Tribes deny the allegations.

73.     The allegations in Paragraph 73 characterize and quote the ROD, which provides the best evidence of its content, and thus no response is required.  The allegation in the second sentence of Paragraph 73 is also a legal conclusion, to which no response is required.  To the extent there are allegations in Paragraph 73 to which a response is required, the Tribes deny the allegations.

74.     The allegations in Paragraph 74 characterize the ROD, which provides the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 74 to which a response is required, the Tribes deny the allegations.

75.     The allegations in Paragraph 75 characterize the ROD, which provides the best evidence of its content, and thus no response is required.  To the extent there are allegations in Paragraph 75 to which a response is required, the Tribes deny the allegations.

76.     The Tribes admit the allegation in the first sentence of Paragraph 76.  The Tribes are without sufficient information or knowledge to admit or deny the allegation in

the second sentence of Paragraph 76 concerning the receipt and consideration of comments by BLM. The Tribes admit the allegation in the second sentence of Paragraph 76 that BLM issued an amended Detailed Statement of Sale on December 18, 2020. That document provides the best evidence of its content, and thus no further response is required. The Tribes admit that BLM accepted bids between December 21, 2020 and December 31, 2020. To the extent there are allegations in Paragraph 76 to which a response is required, the Tribes deny the allegations.

77.     The Tribes admit the allegations in Paragraph 77.

78.     The Tribes admit the allegations in Paragraph 78.

79.     The Tribes admit that BLM leased seven tracts to AIDEA. The remaining allegations in Paragraph 79 characterize lease agreements, which are themselves the best evidence of their content, and thus no response is required. To the extent there are allegations in Paragraph 79 to which a response is required, the Tribes deny the allegations.

80.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 80. To the extent there are allegations in Paragraph 80 to which a response is required, the Tribes deny the allegations.

81.     The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 81. To the extent there are allegations in Paragraph 81 to which a response is required, the Tribes deny the allegations.

82.     The Tribes admit the allegation in the first sentence of Paragraph 82 that

President Biden was sworn into office on January 20, 2021. The remaining allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent there are allegations in Paragraph 82 to which a response is required, the Tribes deny the allegations.

83.     The Tribes admit the allegation in the first sentence of Paragraph 83 that President Biden issued Executive Order 13990 on his first day in office. The remaining allegations in Paragraph 83 quote Executive Order 13990, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 83 to which a response is required, the Tribes deny the allegations.

84.     The allegations in Paragraph 84 characterize Executive Order 13990, which provides the best evidence of its content, and thus no response is required. The allegations in the final sentence of Paragraph 84 characterize the Defendants' position in a lawsuit, and the pleadings in such lawsuit are the best evidence of their content. To the extent there are allegations in Paragraph 84 to which a response is required, the Tribes deny the allegations.

85.     The Tribes admit the allegation in the first sentence of Paragraph 85 that the Secretary of the Interior issued Order No. 3401 on June 1, 2020. Other allegations in Paragraph 85 characterize and quote Secretarial Order No. 3401, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 85 to which a response is required, the Tribes deny the

allegations.

86. The allegations in Paragraph 86 characterize and quote Secretarial Order No. 3401, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 86 to which a response is required, the Tribes deny the allegations.

87. The allegations in Paragraph 87 characterize and quote Secretarial Order No. 3401, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 87 to which a response is required, the Tribes deny the allegations.

88. The allegations in Paragraph 88 characterize Secretarial Order No. 3401, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 88 to which a response is required, the Tribes deny the allegations.

89. The allegations in Paragraph 89 characterize and quote Secretarial Order No. 3401, which provides the best evidence of its content, and thus no response is required. To the extent there are allegations in Paragraph 89 to which a response is required, the Tribes deny the allegations.

90. The allegations in Paragraph 90 characterize Secretarial Order No. 3401, which provides the best evidence of its content, and thus no response is required. To the extent that the allegations in Paragraph 90 contain legal conclusions, no response is required. To the extent there are allegations in Paragraph 90 to which a response is

required, the Tribes deny the allegations.

91.     The allegation in the first sentence of Paragraph 91 characterizes Secretarial Order No. 3401, which speaks for itself and contains the best evidence of its content. The allegation in the second sentence of Paragraph 91 is a legal conclusion, to which no response is required.  To the extent there are allegations in Paragraph 91 to which a response is required, the Tribes deny the allegations.

92.     The allegations in Paragraph 92 are legal conclusions, to which no response is required.  To the extent there are allegations in Paragraph 92 to which a response is required, the Tribes deny the allegations.

93.     The Tribes admit the allegation in Paragraph 93 that the Principal Deputy Secretary for Land and Minerals Management issued a Suspension of Operations and Production (SOP) to AIDEA dated June 1, 2021.  The remaining allegations in Paragraph 93 characterize the content of the SOP, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 93 to which a response is required, the Tribes deny the allegations.

94.     The allegations in Paragraph 94 characterize the content of the SOP, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 94 to which a response is required, the Tribes deny the allegations.

95.     The allegations in Paragraph 95 are legal conclusions, to which no response is required.  To the extent there are allegations in Paragraph 95 to which a

response is required, the Tribes deny the allegations.

96. The allegations in Paragraph 96 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 96 to which a response is required, the Tribes deny the allegations.

97. The Tribes are without sufficient information or knowledge to admit or deny the allegations in the first three sentences of Paragraph 97. The allegations in the final sentence of Paragraph 97 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 97 to which a response is required, the Tribes deny the allegations.

98. The allegations in Paragraph 98 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 98 to which a response is required, the Tribes deny the allegations.

99. The allegations in Paragraph 99 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 99 to which a response is required, the Tribes deny the allegations.

100. The allegations in Paragraph 100 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 100 to which a response is required, the Tribes deny the allegations.

101. The Tribes admit the allegations in Paragraph 101.

102. The allegations in Paragraph 102 characterize the content of the Notice of Intent, which speaks for itself and contains the best evidence of its content. To the extent

there are allegations in Paragraph 102 to which a response is required, the Tribes deny the allegations.

103.     The Tribes admit the allegations in the first sentence of Paragraph 103. The Tribes are without sufficient information or knowledge to admit or deny the allegations in the second sentence of Paragraph 103.

104.     The allegations in Paragraph 104 characterize the content of the Notice of Intent, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 104 to which a response is required, the Tribes deny the allegations.

105.     The allegations in Paragraph 105 characterize the content of the Notice of Intent, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 105 to which a response is required, the Tribes deny the allegations.

106.     The allegations in Paragraph 106 characterize the content of the Notice of Intent, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 106 to which a response is required, the Tribes deny the allegations.

107.     The allegations in Paragraph 107 characterize the content of the Notice of Intent, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 107 to which a response is required, the Tribes deny the allegations.

108. The allegations in Paragraph 108 characterize the content of the Notice of Intent, which speaks for itself and contains the best evidence of its content. To the extent there are allegations in Paragraph 108 to which a response is required, the Tribes deny the allegations.

109. The Tribes are without sufficient information or knowledge to admit or deny the allegations in Paragraph 109. Further, the allegations in Paragraph 109 characterize BLM's statements, which speak for themselves and contain the best evidence of their content. To the extent there are allegations in Paragraph 109 to which a response is required, the Tribes deny the allegations.

110. The allegations in Paragraph 110 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 110 to which a response is required, the Tribes deny the allegations.

111. The Tribes admit the allegations in Paragraph 111.

112. The allegations in Paragraph 112 characterize legal filings in lawsuits. These filings speak for themselves and contain the best evidence of their content. To the extent there are allegations in Paragraph 112 to which a response is required, the Tribes deny the allegations.

113. The allegation in the first sentence of Paragraph 113 characterizes Secretarial Order 3401, which speaks for itself and contains the best evidence of its content. The remaining sentences in Paragraph 113 quote and characterize caselaw, which is itself the best evidence of its content. To the extent there are allegations in

Paragraph 113 to which a response is required, the Tribes deny the allegations.

114.    The allegations in Paragraph 114 characterize the content of the SOP, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 114 to which a response is required, the Tribes deny the allegations.

## COUNT ONE

115.    The Tribes respond to the allegations in Paragraph 115 as presented above.

116.    The allegation in Paragraph 116 quotes a statute, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 116 to which a response is required, the Tribes deny the allegations.

117.    The Tribes deny the allegations in Paragraph 117.

118.    The Tribes deny the allegations in Paragraph 118.

119.    The Tribes deny the allegations in Paragraph 119.

## COUNT TWO

120.    The Tribes respond to the allegations in Paragraph 120 as presented above.

121.    The allegation in Paragraph 121 quotes a statute, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 121 to which a response is required, the Tribes deny the allegations.

122.    The allegation in Paragraph 122 quotes a case, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 122 to which a response is required, the Tribes deny the allegations.

123. The Tribes deny the allegations in Paragraph 123.

124. The allegations contained in Paragraph 124 contain legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 124 to which a response is required, the Tribes deny the allegations.

125. The allegation in Paragraph 125 characterizes a statute, which speaks for itself and contains the best evidence of its content. To the extent there are allegations in Paragraph 125 to which a response is required, the Tribes deny the allegations.

126. The Tribes deny the allegations in Paragraph 126.

127. The allegations in Paragraph 127 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 127 to which a response is required, the Tribes deny the allegations.

128. The allegations in Paragraph 128 characterize a statute, which speaks for itself and contains the best evidence of its content. To the extent there are allegations in Paragraph 128 to which a response is required, the Tribes deny the allegations.

129. The Tribes deny the allegations in Paragraph 129.

130. The allegations in Paragraph 130 are legal conclusions, to which no response is required. To the extent there are allegations in Paragraph 130 to which a response is required, the Tribes deny the allegations.

131. The Tribes deny the allegations in Paragraph 131.

## COUNT THREE

132. The Tribes respond to the allegations in Paragraph 132 as presented above.

133.     The Tribes deny the allegations in Paragraph 133.

## COUNT FOUR

134.     The Tribes respond to the allegations in Paragraph 134 as presented above.

135.     The allegation in Paragraph 135 characterizes a statute, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 135 to which a response is required, the Tribes deny the allegations.

136.     The Tribes deny the allegations in Paragraph 136.

137.     The Tribes admit that BLM estimates that the supplemental environmental review process may take over a year to complete.  The Tribes are without sufficient information and knowledge to admit or deny other allegations in Paragraph 137.  To the extent a response is required to these other allegations, the Tribes deny the allegations.

138.     The Tribes deny the allegations in Paragraph 138.

## COUNT FIVE

139.     The Tribes respond to the allegations in Paragraph 139 as presented above.

140.     The Tribes deny the allegations in Paragraph 140.

141.     The allegations in Paragraph 141 characterize the content of the SOP, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 141 to which a response is required, the Tribes deny the allegations.

142.     The Tribes deny the allegations in Paragraph 142.

## COUNT SIX

143.     The Tribes respond to the allegations in Paragraph 143 as presented above.

144.     The allegations in Paragraph 144 characterize Defendants' position in a lawsuit, and the pleadings in such lawsuit are the best evidence of their content.  To the extent there are allegations in Paragraph 144 to which a response is required, the Tribes deny the allegations.

145.     The Tribes deny the allegations in Paragraph 145.

146.     The Tribes deny the allegations in Paragraph 146.

147.     The Tribes deny the allegations in Paragraph 147.

148.     The Tribes deny the allegations in Paragraph 148.

## COUNT SEVEN

149.     The Tribes respond to the allegations in Paragraph 149 as presented above.

150.     The allegations in Paragraph 150 characterize and quote Executive Order 13990, which speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 150 to which a response is required, the Tribes deny the allegations.

151.     The allegations in Paragraph 151 are legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 151 characterize or quote a statute, the statute speaks for itself and contains the best evidence of its content.  To the extent there are allegations in Paragraph 150 to which a response is required, the Tribes deny the allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' First Amended Complaint constitute the Plaintiffs' Prayer For Relief and require no response. The Tribes deny that Plaintiffs are entitled to relief.

## GENERAL DENIAL

The Tribes deny any and all allegations of the First Amended Complaint, whether express or implied, including allegations reflected in section headings, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.   The Tribes assert that the Court lacks subject matter jurisdiction to hear this Complaint.

2.   The Tribes assert that Plaintiffs have failed to state a claim upon which relief can be granted.

3.   The Tribes assert that Plaintiffs lack standing to bring some or all of their claims.

4.   The Tribes assert that Plaintiffs' claims are barred by the doctrine of ripeness.

5.   The Tribes reserve the right to assert such other affirmative defenses as may become known or available in the courses of this litigation.

## CONCLUSION

The Tribes request that the Court enter judgment in favor of Defendants and against Plaintiffs, and grant such additional relief as is fitting and just.

DATED: March 14, 2022

Respectfully submitted,

NATIVE AMERICAN RIGHTS FUND

By: _s/ Matthew N. Newman_
      Matthew N. Newman (AK Bar No. 1305023)
      Megan R. Condon (AK Bar No. 1810096)
      *Lead Counsel for Intervenor Defendants Native*
      *Village of Venetie Tribal Government, Arctic*
      *Village Council, and Venetie Village Council*


BESSENYEY & VAN TUYN, LLC

By: _s/ Peter H. Van Tuyn_
      Peter H. Van Tuyn (AK Bar No. 8911086)
      Karen E. Schmidt (AK Bar No. 1211113)
      *Co-Counsel for Intervenor Defendants Native*
      *Village of Venetie Tribal Government, Arctic*
      *Village Council, and Venetie Village Council*