Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
bbrisson@trustees.org
sbostrom@trustees.org
bpsarianos@trustees.org
blitmans@trustees.org

*Attorneys for Movant Intervenor-Defendants Gwich'in Steering Committee et al.*

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
50 F St., NW 8th Floor
Washington, DC 20001
Phone: (202) 548-4584
Fax: (202) 547-6009
karimah.schoenhut@sierraclub.org

*Attorney for Movant Intervenor-Defendant Sierra Club*

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, *et al.*,<br><br>Plaintiffs,<br><br>and | Case No. 3:21-cv-00245-SLG |

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 1

| STATE OF ALASKA, |
| Intervenor-Plaintiff, |
| v. |
| JOSEPH R. BIDEN, JR., *et al.*, |
| Defendants. |

### GWICH'IN STEERING COMMITTEE ET AL.'S REPLY TO INTERVENOR-PLAINTIFF STATE OF ALASKA'S COMBINED OPPOSITION TO APPLICANTS' MOTIONS TO INTERVENE

INTRODUCTION

The Gwich'in Steering Committee et al. (collectively, "Movant Intervenors") moved to intervene in this case to safeguard their longstanding interests in the wildlife, wilderness, and cultural and spiritual values of the Coastal Plain of the Arctic National Wildlife Refuge (Arctic Refuge).[1] Only Intervenor-Plaintiff State of Alaska (State) opposes the motion to intervene.[2] The State asserts the Court should deny intervention of right on two limited grounds: (1) Movant Intervenors do not have a protectable interest because their interests have no relationship to the claims in this case; and (2) this case will not impair Movant Intervenors' ability to protect their interest (the second and third factors of the intervention test). The State does not challenge the timeliness of Movant

---

[1] Mot. to Intervene by Gwich'in Steering Comm. et al. (ECF No. 24) [hereinafter Mot. to Intervene].
[2] Intervenor-Pl. State of Alaska's Combined Resp. to Applicants' Mots. to Intervene (ECF No. 35) [hereinafter State Opp'n].

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                            Page 2

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 2 of 14

Intervenors' motion or assert that the existing parties will adequately protect Movant Intervenors' interests (the first and fourth factors of the intervention test).[3]

The State's arguments ignore and misrepresent the scope of the matters at issue in this case and misapply the standards for intervention. When the correct standards are applied, Movant Intervenors surpass the standards to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), given their strong interests in protecting the Arctic Refuge from harmful oil and gas activities. Movant Intervenors also meet the test for permissive intervention.

## ARGUMENT

**I.  MOVANT INTERVENORS MEET THE TEST TO INTERVENE AS A MATTER OF RIGHT.**

Despite the State's arguments to the contrary, Movant Intervenors have protectable interests in the exceptional wildlife, wilderness, subsistence, and cultural values of the Coastal Plain of the Arctic Refuge and this case may impair their ability to protect those interests. The State's arguments ignore the Ninth's Circuit's broad polices in favor of intervention. The Ninth Circuit has directed that the standards in Rule 24(a)(2) be "broadly interpreted in favor of intervention."[4] In evaluating whether Rule 24(a)(2)'s standards are met, the Ninth Circuit "construe[s] the Rule broadly in favor of proposed intervenors" because "[a] liberal policy in favor of intervention serves both efficient

---

[3] *See id.* at 8.
[4] *United States v. Alisal Water Corp.* (*Alisal*), 370 F.3d 915, 919 (9th Cir. 2004).

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                Page 3

resolution of issues and broadened access to the courts."[5] Under this lenient approach to intervention, Movant Intervenors meet the standards to intervene as a matter of right.

A. **Movant Intervenors Have A Protectable Interest in the Coastal Plain.**

Movant Intervenors demonstrated they have a protectable interest that warrants intervention of right. An applicant shows they have a protectable interest when "(1) the applicant asserts an interest that is protected under some law, and (2) there is a relationship between the applicant's legally protected interest and the plaintiff's claims."[6] Under this factor, the court's focus is on the movant's relationship to the property that is the subject of the action, not the particular issues before the court.[7] The State does not dispute Movant Intervenors have significant interests in the Coastal Plain — nor, reasonably, could it. Movant Intervenors have well-established and longstanding protectable interests in preserving and enjoying the resources and values of the Coastal Plain for cultural, spiritual, recreational, business, and aesthetic purposes.[8]

---

[5] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (cleaned up); *see also Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967) (stating Rule 24 was "designed to liberalize the right to intervene").
[6] *United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 991 (9th Cir. 2017) (cleaned up).
[7] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (noting it is "indisputable" that environmental concerns are legally protectable interests).
[8] Mot. to Intervene at 12–14; Order Granting Mot. to Intervene at 5, *State of Alaska v. Jewell*, Case No. 3:14-cv-00048-SLG (June 10, 2014) (ECF No. 45) [hereinafter 2014 Intervention Order] (recognizing intervenors' significant protectable interest in the Coastal Plain).

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 4

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 4 of 14

The State's sole argument relates to whether Movant Intervenors' interests have a relationship to the claims in this case.[9] The State's arguments are misleading and contrary to Plaintiffs' and the State's own assertions about this case and the claims for relief.

This case is not solely about preparatory activities like cultural resource surveys, as claimed by the State.[10] The State acknowledges in its opposition that the relief sought in this case would force BLM to move forward with issuing authorizations for the Leasing Program, including rights-of-way and easements.[11] In their complaints, Plaintiffs and the State assert interpretations of the Tax Act that, if adopted, could limit BLM's discretion regarding management of oil and gas activities on the Coastal Plain. Plaintiffs' complaint raises multiple challenges to Defendants' actions to "with[hold] and delay[] the issuance of leases, rights-of-way, and easements for the exploration, development, production, and transportation necessary to carry out Section 20001 of the 2017 Tax Act" and challenges Defendants' conclusion that the environmental review for the oil and gas leasing program was deficient.[12] Plaintiffs ask this court to override Defendants' decision to pause oil and gas authorizations while the agencies address the legal errors with the oil

---

[9] State Opp'n at 9.
[10] *Id.* at 9–10.
[11] *Id.* at 7 ("This litigation seeks to allow AIDEA to proceed with *leasing and development* on the Coastal Plain, including preparatory activities such as archaeological surveys. The litigation also seeks to allow the BLM to move forward in *issuing authorizations for activities to carry out the Leasing Program, including the rights-of-way or easements*." (emphasis added)).
[12] Second Am. Compl. at 37–39 (ECF No. 34).

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                               Page 5

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 5 of 14

and gas program.[13] The State similarly asks this court to decide issues related to the interpretation and implementation of the Tax Act as a whole — not just matters limited to cultural resource surveys — and to compel Defendants to "proceed with leasing and development of the Coastal Plain."[14] In fact, none of the State's claims are limited to cultural resource surveys or other preliminary work; its claims are broader and relate to Defendants' implementation of the oil and gas program as a whole.[15]

The relief sought by Plaintiffs and the State would force Defendants to implement an illegal oil and gas program — matters that are directly at issue in Movant Intervenors' parallel lawsuit challenging the legality of that program.[16] Forcing any activities to move forward on the Coastal Plain, despite the underlying legal errors Defendants are currently working toward rectifying, would impair Movant Intervenors' interests in protecting the Coastal Plain from undue damage and impact their interests in the parallel lawsuit. The remedy sought has implications beyond just cultural resource surveys, and resolution of those issues as a practical matter could compromise Movant Intervenors' ability to raise

---

[13] *Id.* at 40–41.
[14] Compl. in Intervention for Declaratory J. & Injunctive Relief 9–12, 14 (ECF No. 22).
[15] *See id.* at 11–12. Even under the State's narrow framing, the Gwich'in and other Indigenous people have an interest in the cultural resource surveys and how they take place, given their cultural and spiritual ties to the Coastal Plain. Mot. to Intervene at 13.
[16] Compl. for Declaratory & Injunctive Relief, *Gwich'in Steering Comm. v. Haaland*, Case No. 3:20-cv-00204-SLG (Aug. 24, 2020) (ECF No. 1).

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 6

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 6 of 14

later challenges to the fact that those activities never should have been allowed to proceed in the first place.

The cases the State relies on to claim Movant Intervenors should be denied intervention are inapposite. In *Montana v. U.S. EPA*, the applicant intervenor did not hold the specific type of permit at issue in the litigation, and therefore would not be impacted by the litigation.[17] Similarly, in *Greene v. United States*, a tribe was denied intervention because their interests in preserving their rights under a fishing treaty were not at issue in that case, which related to whether another tribe should obtain federal recognition.[18]

Unlike *Montana* and *Greene*, where the intervenors' interests were not at issue and would not be impaired by the litigation, Movant Intervenors' interests would be impaired by this litigation because a decision on the core question this lawsuit raises — whether Defendants should be forced to implement the oil and gas program on the Coastal Plain, despite its legal flaws — will impair Movant Intervenors' interests in protecting the Coastal Plain and ensuring compliance with the law. A decision in this case could decide matters in a way that is directly at odds with Movant Intervenors' claims in the parallel lawsuit and could compromise their ability to protect their interests in preventing harm to the Coastal Plain.

---

[17] 137 F.3d 1135, 1141–42 (9th Cir. 1998).
[18] 996 F.2d 973, 978 (9th Cir. 1993).

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG					Page 7

Because Movant Intervenors have significant interests in the protection of the Coastal Plain and those interests directly relate to the claims at issue in this case and the relief sought, Movant Intervenors satisfy this requirement to intervene as a matter of right.

### B. A Ruling in Plaintiffs' Favor May Impair or Impede Movant Intervenors' Ability to Protect Their Interests.

The third factor for intervention is also met because, as a practical matter, this case may impair or impede Movant Intervenors' ability to protect their interests.[19] Importantly, the burden to show potential impairment of Movants' interests is low.[20] The State ignores that and argues Movant Intervenors can protect their interests through existing litigation or later permitting processes.[21]

The Ninth Circuit has rejected this line of arguments.[22] For example, in *Sierra Club v. EPA*, the Ninth Circuit said that declaring a federal agency's duties and requiring

---

[19] *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1497–98 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173.
[20] *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011); *WildEarth Guardians*, 604 F.3d at 1199.
[21] State Opp'n at 11–12.
[22] *Sierra Club v. EPA*, 995 F.2d 1478, 1486 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173; *see also Forest Conservation Council*, 66 F.3d at 1498 (allowing intervention where the case would limit the ability of the movant intervenors to challenge the propriety of the relief sought in a later proceeding); *U.S. ex rel McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1396 (9th Cir. 1992) (noting that the "government's claims could be impaired if the doctrine of *stare decisis* were applied"); *WildEarth Guardians*, 604 F.3d at 1199 (recognizing the availability of alternative forums is not grounds for denying intervention); *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (noting that, "because of the precedential effect of the district
cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG  Page 8

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 8 of 14

the agency comply with them could impair the applicant's interests, even where the applicant could participate in later proceedings implementing those duties.[23] The same is true of this lawsuit.

The fact that there may be later decisions, such as exploration permits, does not undercut that a decision in this case may impair Movant Intervenors' interests for purposes of allowing intervention now. Despite the State's representations, this case relates to issues broader than just preliminary cultural resource surveys and could decide threshold questions of whether and how Defendants implement the provisions of the Tax Act and the oil and gas program. There will not necessarily be an opportunity to re-litigate those issues later, such as when Defendants review a seismic exploration permit, since those threshold decisions could be decided and foreclosed by a decision in this case.[24]

The case cited by the State, *United States v. Alisal Water Corp.*, is not on point and does not stand for the proposition that intervention should be denied if there are other venues where intervenors could also raise their concerns.[25] There, because the movant intervenor's interests were "several degrees removed" from the issues in the case, it was

---

court's decision, an adverse resolution of the action would impair their ability to protect their interest").
[23] 995 F.2d at 1486.
[24] *See* 2014 Intervention Order at 6–7 (recognizing a decision in that case could limit intervenors' future arguments).
[25] 370 F.3d 915; State Opp'n at 11.

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG     Page 9

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 9 of 14

not entitled to intervene to enforce an judgment lien in a case that was focused on unrelated matters and where there was another forum for enforcement of that judgment lien.[26] Unlike *Alisal*, here Movant Intervenors have significant interests in the protection of the Coastal Plain that could be directly impaired by a decision in this case.[27]

The State's claim that Movant Intervenors will be able to sufficiently protect their interests as part of their parallel lawsuit relies — again — on a misrepresentation about the scope of this litigation.[28] Movant Intervenors' lawsuit, *Gwich'in Steering Comm. v. Haaland*, Case No. 3:20-cv-00204-SLG (D. Alaska), challenges the legality of the Leasing Program.[29] That litigation is currently stayed while BLM completes a supplemental review and addresses those legal deficiencies.[30] Plaintiffs' and the State's claims and requested relief seek to override that review process and force implementation of the oil and gas program, despite the legal flaws. Plaintiffs' and the State's interpretations of the Tax Act and other laws, if adopted, could limit BLM's ability to engage in that process, foreclose consideration of alternatives to avoid environmental harm, and directly impact the claims at issue in Movant Intervenors' lawsuit. For these reasons, Movant Intervenors' interests could be impaired by a ruling in this case and intervention is warranted.

---

[26] *Alisal*, 370 F.3d at 920–21.
[27] Mot. to Intervene at 15–17; *see also supra* Part I.A.
[28] State Opp'n at 11–12.
[29] Mot. to Intervene at 17.
[30] *Id.* at 9.

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                               Page 10

## II. MOVANT INTERVENORS SHOULD BE GRANTED PERMISSIVE INTERVENTION.

The District Court should exercise its considerable discretion and grant permissive intervention under Civil Rule 24(b). Civil Rule 24(b) requires only that potential intervenors show that they raise claims or defenses with a common question of law or fact, that the motion is timely, and that there will be no delay or prejudice in the proceedings.[31] The State does not dispute that the motion is timely and does not claim intervention will prejudice any parties or cause a delay in the proceedings.[32]

The State's only argument against permissive intervention is the State's specious claim that Intervenors' interests are not connected to the matters at issue in this case.[33] That is not the standard for permissive intervention. Movant Intervenors' interests are not a consideration the court considers for purposes of permissive intervention.[34] Applying the correct test, Movant Intervenors meet the requirements for permissive intervention. As shown by Movant Intervenors' proposed answers, Movant Intervenors plan to assert

---

[31] Fed. R. Civ. P. 24(b)(1)(B), (3); *see also Cal. ex rel. State Lands Comm'n v. United States*, 805 F.2d 857, 866 (9th Cir. 1986).
[32] State Opp'n at 13.
[33] As discussed above, Movant Intervenors have significant interests that could be impaired by this case. *See supra* Part I.
[34] Fed. R. Civ. P. 24(b); *see also Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940) (indicating Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation"), *cited in* State of Alaska's Mot. to Intervene at 14 (ECF No. 9).

cont…

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 11

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 11 of 14

defenses and arguments that are focused on the matters directly at issue in this case.[35] As such, Movant Intervenors meet the requirements for permissive intervention.

### III. THE COURT SHOULD NOT RESTRICT MOVANT INTERVENORS' PARTICIPATION.

Finally, the State asks for limits on Movant Intervenors' participation. Although Movant Intervenors have no concerns with adhering to the existing deadlines (ECF No. 33), the State's proposed restrictions are unduly burdensome and unworkable. The State asks to limit Movant Intervenors' ability to file motions or oppositions or raise arguments raised by any other party.[36] Such broad, open-ended restrictions would foreclose meaningful participation in this case and could limit Movant Intervenors' ability to protect their interests. Those interests are not fully aligned with and may not be protected by the other parties[37] — a point the State does not dispute.[38] Such a restriction would also be unworkable, given that the Defendants and other Intervenor-Defendants may not be in a position to share their briefing in advance of filing and have not committed to do so. The court should decline to impose the State's proposed restrictions.

## CONCLUSION

For the foregoing reasons, the Court should grant Movant Intervenors' motion to intervene.

---

[35] [Proposed] Answer to First Am. Compl. (ECF No. 24-27); [Proposed] Answer to State of Alaska's Compl. in Intervention for Declaratory & Injunctive Relief (ECF No. 24-28).
[36] State Opp'n at 14.
[37] Mot. to Intervene at 18–21.
[38] *See* State Opp'n at 8.

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG          Page 12

Respectfully submitted this 8th of April, 2022.

 s/ Suzanne Bostrom
Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA

*Attorneys for Movant Intervenor-Defendants Gwich'in Steering Committee, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Environment America, Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch*

s/ Karimah Schoenhut (consent)
Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM

*Attorney for Movant Intervenor-Defendant Sierra Club*

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                     Page 13

Case 3:21-cv-00245-SLG    Document 38    Filed 04/08/22    Page 13 of 14

## Certificate of Compliance

Pursuant to Local Civil Rule 7.4(a)(3), I certify that this motion complies with the type-volume limitation of Local Civil Rule 7.4(a)(1) because it contains 2,746 words, excluding the parts of the motion exempted by Local Civil Rule 7.4(a)(4).

s/ Suzanne Bostrom
Suzanne Bostrom

## Certificate of Service

I certify that on April 8th, 2022, I caused a copy of the GWICH'IN STEERING COMMITTEE ET AL.'S REPLY TO INTERVENOR-PLAINTIFF STATE OF ALASKA'S COMBINED OPPOSITION TO APPLICANTS' MOTIONS TO INTERVENE to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case.

s/ Suzanne Bostrom
Suzanne Bostrom

Gwich'in Steering Comm. et al.'s Reply to State Opp'n to Mot. to Intervene
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                                    Page 14

Case 3:21-cv-00245-SLG   Document 38   Filed 04/08/22   Page 14 of 14