# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> STATE OF ALASKA, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., *et al.*, <br><br> Defendants. | Case No. 3:21-cv-00245-SLG |

## ORDER RE: MOTIONS TO INTERVENE

Before the Court are two motions to intervene by:

- At Docket 23, Native Village of Venetie Tribal Government, Arctic Village Council, and Venetie Village Council (the "Venetie Movants"); and

- At Docket 24, Gwich'in Steering Committee, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society–Yukon, Defenders of Wildlife, Environment America, Inc., Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska

Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch (the "Gwich'in Movants").

Both Movants seek to intervene as defendants.[1] Neither the Federal Defendants nor Plaintiffs filed responses to the Movants' motions. Intervenor-Plaintiff State of Alaska responded in opposition at Docket 35, and Movants replied at Dockets 38 and 39. Oral argument was not requested and was not necessary to the Court's determination.

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires district courts to allow a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This rule requires motions to intervene as of right to satisfy the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[2]

---

[1] Docket 23-1 at 15–16; Docket 24 at 2–3.

[2] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

Case No. 3:21-cv-00245-SLG, *AIDEA, et al. v. Biden, et al.*
Order re Motions to Intervene
Page 2 of 7
Case 3:21-cv-00245-SLG   Document 40   Filed 04/18/22   Page 2 of 7

"[T]he requirements for intervention are [to be] broadly interpreted in favor of intervention."[3]

The Venetie and Gwich'in Movants both satisfy this test. First, this litigation is at an early stage, and any prejudice to the existing parties from Movants' intervention will be minimal.[4] Both motions were filed before service on the Federal Defendants was effected. Federal Defendants' responsive pleading is not due until May 16, and the administrative record is not due to be filed until early June.[5] Thus, the motions were timely filed.

Second, both Movants have significant protectable interests in the Federal government's handling of the ANWR Coastal Plain land leases. "A would-be intervenor has a significant protectable interest if the interest is protected by law and there is a relationship between that interest and the claim or claims at issue."[6] Here, the declarations supplied establish that the Venetie Movants and the Gwich'in Movants' tribal members have significant cultural and subsistence interests in the land at issue in light of the seasonal movements of the Porcupine

---

[3] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (second alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[4] *See Alisal Water*, 370 F.3d at 921 (quoting *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)) ("Timeliness is a flexible concept; its determination is left to the district court's discretion. . . . Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'").

[5] Docket 33 at 1 (Scheduling Order).

[6] *Cooper v. Newsom*, 13 F.4th 857, 865 (9th Cir. 2021).

Case No. 3:21-cv-00245-SLG, *AIDEA, et al. v. Biden, et al.*
Order re Motions to Intervene
Page 3 of 7
Case 3:21-cv-00245-SLG   Document 40   Filed 04/18/22   Page 3 of 7

caribou herd across tribal lands.[7] The declarations also establish that the other Gwich'in Movants have significant interests in the land for subsistence, recreation, and wilderness preservation.[8] These interests are legally protected,[9] and are related to the administrative and environmental law claims at issue in the case. Thus, both Movants have significant protectable interests related to this action.

Third, a ruling in this case might impair both Movants' interests. Plaintiffs and the State of Alaska challenge the Federal Defendants' moratorium on oil and gas leases on the Coastal Plain.[10] In making its judgment, the Court might decide threshold questions of the Federal Defendants' implementation of and obligations under the 2017 Tax Act in a way that precludes determinations in subsequent litigation.[11] Because disposition of the present action might impair both Movants' significant protectable interests, the third factor is satisfied.

---

[7] Docket 23-4 at 2–4; Docket 23-5 at 2–5; Docket 23-6 at 2–5; Docket 24-4 at 6–11.

[8] Docket 24-2 at 12–13; Docket 24-3 at 6–7; Docket 24-6 at 10; Docket 24-7 at 17–19, 24; Docket 24-8 at 3–7, 9–10; Docket 24-9 at 3–5, 9; Docket 24-10 at 4–9; Docket 24-11 at 9–10, 13; Docket 24-12 at 7–9; Docket 24-13 at 5, 10–11; Docket 24-14 at 8–9; Docket 24-15 at 6, 14–23; Docket 24-16 at 5, 9; Docket 24-17 at 2–4, 9–13; Docket 24-18 at 4–5, 7–9; Docket 24-18 at 12, 19–24; Docket 24-19 at 6–7; Docket 24-20 at 4–16.

[9] *See, e.g.*, *Native Village of Quinhagak v. United States*, 35 F.3d 388, 393–94 (9th Cir. 1994) (explaining that ANILCA represents a "clear congressional directive" to protect the physical and cultural aspects of subsistence living); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897–98 (9th Cir. 2011) (holding that interest in conserving the wilderness character of an area protected by federal law was a significant protectable interest for the purposes of intervention).

[10] Docket 22 at 5–14 (State's Compl. in Intervention); Docket 34 at 10–41 (2nd Amend. Compl.).

[11] *Cf. Sierra Club v. EPA*, 995 F.2d 1478, 1486 (9th Cir. 1993) ("Although [the intervenor] might challenge various determinations in [subsequent] proceedings, those proceedings would be constrained by the *stare decisis* effect of the lawsuit from which it had been excluded."), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1178–81.

Case No. 3:21-cv-00245-SLG, *AIDEA, et al. v. Biden, et al.*
Order re Motions to Intervene
Page 4 of 7
Case 3:21-cv-00245-SLG   Document 40   Filed 04/18/22   Page 4 of 7

Fourth, the Federal Defendants may not adequately represent both Movants' interests. "The burden of showing inadequacy of representation is minimal and [is] satisfied if the applicant can demonstrate that representation of its interests may be inadequate."[12] The adequacy of representation by an existing party turns on "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."[13]

The State of Alaska—the only party opposing Movants' interventions—does not contest the potential inadequacy of representation.[14] Normally, the fact that the Federal Defendants and the Movants share the same "ultimate objective"— namely, upholding the moratorium—would create a presumption that the Federal Defendants adequately represent the Movants' interests.[15] Here, however, the Movants' and the Federal Defendants' interests are not "sufficiently congruent," which rebuts any such presumption.[16] The Federal Defendants represent the at-

---

[12] *W. Watersheds Project v. Haaland*, 22 F.4th 828, 840 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Citizens for Balanced Use*, 647 F.3d at 898).

[13] *Id.* at 840–41 (quoting *Citizens for Balanced Use*, 647 F.3d at 898).

[14] *See* Docket 35 at 8–13 (disputing only factors (2) and (3) of the intervention-of-right test).

[15] *Id.* at 841.

[16] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001).

Case No. 3:21-cv-00245-SLG, *AIDEA, et al. v. Biden, et al.*
Order re Motions to Intervene
Page 5 of 7
Case 3:21-cv-00245-SLG   Document 40   Filed 04/18/22   Page 5 of 7

large interests of the general public, while the Venetie and Gwich'in Movants represent specialized interests that seek only the preservation of the subsistence, cultural, and wilderness aspects of the lands at issue. Moreover, because the Federal Defendants have not yet filed their responsive pleading, the Court is unable to say for certain that they will "undoubtedly make" all the Movants' arguments. Interpreting the requirement "broadly in favor of intervention,"[17] the Court therefore concludes that both Movants have demonstrated that the Federal Defendants' representation of their interests may be inadequate.

Because the Movants have established each of the four requisite factors, the Court concludes that the Venetie Movants and the Gwich'in Movants have both met the criteria to intervene as of right in the present matter.

Furthermore, even if the Movants were not entitled to intervene as of right, the Court would allow them each to intervene permissively. Rule 24(b) allows a district court to permit a party to intervene permissively upon timely motion if the party either "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."[18]

---

[17] *Smith*, 830 F.3d at 853 (quoting *Alisal Water*, 370 F.3d at 919).

[18] Fed. R. Civ. P. 24(b)(1)(A)-(B); *see also Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) ("We have held that a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."). The independent-jurisdiction factor does not apply in federal question cases unless a proposed intervenor seeks to bring new state-law claims. *Freedom from Religion Found., Inc.*

Case No. 3:21-cv-00245-SLG, *AIDEA, et al. v. Biden, et al.*
Order re Motions to Intervene
Page 6 of 7
Case 3:21-cv-00245-SLG   Document 40   Filed 04/18/22   Page 6 of 7

As discussed above, the early stage of this litigation makes both Movants' motions timely. And both Movants' proposed pleadings demonstrate that they intend to raise defenses and arguments directly on point to the Plaintiffs' and State of Alaska's challenges to the lease moratorium.[19] Thus, even if Movants were not entitled to intervene as of right, the Court would allow each of them to intervene permissively in this matter.

For these reasons, the motions to intervene at Dockets 23 and 24 are both GRANTED. Both Movants shall abide by the terms of the existing Scheduling Order at Docket 33 and shall use their best efforts to effectively coordinate with counsel for the Federal Defendants to avoid unnecessary duplicative briefing of matters covered in merits briefs.

IT IS SO ORDERED.

DATED this 18th day of April, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

*v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

[19] *See* Docket 23-2 at 24–28; Docket 23-3 at 7–12; Docket 24-27 at 25–31; Docket 24-28 at 9–14.

Case No. 3:21-cv-00245-SLG, *AIDEA, et al. v. Biden, et al.*
Order re Motions to Intervene
Page 7 of 7
Case 3:21-cv-00245-SLG   Document 40   Filed 04/18/22   Page 7 of 7