

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, DC  20240

**August 19, 2022**

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

DECISION

| Alaska Industrial Development | : | Oil and Gas Leases |
|---|---|---|
| and Export Authority | : | AA095889 |
| 813 West Northern Lights Blvd. | : | AA095890 |
| Anchorage, Alaska  99503 | : | AA095893 |
| | : | AA095897 |
| | : | AA095898 |
| | : | AA095900 |
| | : | AA095901 |

Addendum to Suspension of Operations and Production

In the Suspension of Operations and Production, dated June 1, 2021, the Department identified two legal defects and also several areas involving a potential legal defect, specifically including the treatment of foreign greenhouse gas (GHG) emissions in the Environmental Impact Statement (EIS).  The Department recognized that the recent Ninth Circuit opinion involving the Liberty Project in Alaska, *Center for Biological Diversity v. Bernhardt*, issued on December 7, 2020, had implications for the analysis of foreign GHG emissions in the Coastal Plain Oil and Gas Leasing Program. The Department noted it was carefully evaluating its approach to this issue and that it might later identify this issue as an additional specific legal error depending on the resolution of pending court cases involving similar issues.

Two of those pending court cases involving similar issues are the cases challenging the Willow Project in the National Petroleum Reserve in Alaska.  On August 18, 2021, the U.S. District Court for the District of Alaska, Judge Sharon Gleason presiding, concluded that BLM's exclusion of foreign GHG emissions in its alternatives analysis in the Willow Project EIS was arbitrary and capricious.  Recognizing that the BLM also excluded foreign GHG emissions from its analysis of alternatives in the Coastal Plain EIS for the same basic reasons cited in the Willow Project EIS, the Department, in consultation with the Solicitor's Office, has now identified this exclusion as an additional specific legal defect.  The Coastal Plain EIS did not give a quantitative estimate of the downstream GHG emissions that would result from changes in consumption of oil abroad due to the foreseeable production of Coastal Plain oil nor did it sufficiently explain why it could not do so and provide a more thorough discussion of how changes in foreign oil consumption might

change the GHG emissions analysis.

The Department has concluded that this legal defect provides an additional basis to continue to suspend the above-referenced leases and complete further environmental analysis under NEPA. On August 4, 2021, the BLM issued a *Notice of Intent to Prepare a Supplemental Environmental Impact Statement for the Coastal Plain Oil and Gas Leasing Program*, 86 Fed. Reg. 41989, which contains a schedule for completion of a Supplemental EIS and issuance of a new decision. The BLM is conducting this additional NEPA analysis to determine whether the leases should be affirmed, voided or subject to additional mitigation measures. Once sufficient information is developed, the BLM will issue a new decision concerning this suspension of operations and production (SOP) of the above-referenced leases.

This SOP remains effective from the first day of June 2021. While this SOP remains in place, no lease operations may transpire on the leases, the terms of the leases are tolled, and lease rentals are suspended. If you have any questions, please contact Nada Wolff Culver at nculver@blm.gov.

Sincerely,

Laura
Daniel-Davis

Digitally signed by Laura
Daniel-Davis
Date: 2022.08.19
08:50:51 -04'00'

Laura Daniel-Davis
Principal Deputy Assistant Secretary
Land and Minerals Management