TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 ‖ 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, *et al.*,<br><br>    Plaintiffs,<br> and<br>STATE OF ALASKA,<br><br>    Intervenor-Plaintiff,<br> v.<br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>    Defendants,<br> and<br>NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:21-cv-00245-SLG |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' AND INTERVENOR-PLAINTIFF'S MOTION TO ALTER OR AMEND

Before the Court is a motion, ECF No. 76 ("Motion"), by Plaintiffs Alaska Industrial Development and Export Authority, et al., and Intervenor-Plaintiff State of Alaska (collectively "Movants"), seeking to alter or amend this Court's Order Re Motions for Summary Judgment, ECF No. 72, and Judgment, ECF No 73, under Federal Rule of Civil Procedure 59(e). The Court should deny the Motion because Movants fall short of their heavy burden and fail to meaningfully engage the relevant legal standard.

A Rule 59(e) motion may be granted when necessary to correct manifest errors of law or fact. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "But amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.*; *see also Orion Marine Contractors, Inc. v. City of Seward*, No. 3:15-CV-00151-SLG, 2016 WL 11670098, at *1 (D. Alaska Oct. 28, 2016) (same). Thus, a Rule 59(e) motion is not a means by which to raise new arguments, or "to rehash arguments already made in the parties' principal briefs." *Alaska Oil & Gas Ass'n v. Jewell*, No. 3:11-CV-0025-RRB, 2013 WL 11897792, at *2 (D. Alaska May 15, 2013). Nor should such a motion "ask a court to rethink what the court had already thought through – rightly or wrongly." *Id.* (internal quotation marks and citations omitted). Instead, "[a]rguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (citation omitted).

The Motion reflects many of these flaws. The first section of the Motion contends that the Court erred in upholding Defendants' suspension of the Coastal Plain Leasing Program because the suspension would preclude even certain lease-associated activities

*AIDEA v. Biden*     Case No. 3:21-cv-00245-SLG
Defs.' Resp. in Opp'n to Pls.' Mot. to Alter or Amend     2

Case 3:21-cv-00245-SLG   Document 79   Filed 09/19/23   Page 2 of 5

that Movants contend do not impact the environment. *See* Motion 1-2. This argument fails because it is built on the flawed premise that potential environmental impacts of specific activities that might be taken to "implement" the leases underlaid the suspension. Instead, the leases were suspended because the Department of the Interior "identified defects in the underlying record supporting the leases[.]" AR 3364; *see also* AR 3404.[1] Those defects in the record must be remedied before allowing any activities "implementing" the leasing program to proceed, whether they would impact the environment or not. And, to remedy those defects, the Department explained that it would undertake "additional NEPA analysis to determine whether the leases should be affirmed, voided or subject to additional mitigation measures." AR 3405. Movants identify no manifest error in the Court's decision to uphold the suspension decision on that basis, or indeed any error at all. And, in any event, their argument relies entirely on the false premise that "preliminary steps" such as archeological surveys are incapable of impacting the environment. As a practical matter, any access to the Coastal Plain for on-the-ground activities – even for "archeological survey" or "preliminary seismic" activity, Motion 2 – is, for example, capable of disturbing caribou and disrupting subsistence hunting, or causing surface disturbance and impacts to vegetation and wetlands. *See,*

---

[1] Nonetheless, the Court correctly cited Section 6 of the leases for the propositions that the terms of the lease allow BLM to impose conditions on the lessee to minimize environmental impacts, including measures affecting the timing of operations, and that, as a practical matter, supplemental environmental analysis would have informed any such measures. *See Alaska Indus. Dev. & Exp. Auth. v. Biden*, __F. Supp. 3d__, No. 3:21-cv-00245-SLG, 2023 WL 5021555, at *15 (D. Alaska Aug. 7, 2023).

*e.g.*, AR 0220-21; AR 0308-09; AR 0164-66.[2]

Movants' remaining argument fails because it improperly rehashes a contention this Court has already considered and rejected. Specifically, Movants argue that the Tax Act requires Federal Defendants to authorize ancillary activities "with an urgency and timeliness proportional to the statutory deadline for the issuance of the leases." Motion 10. But the Court already rejected this argument. It correctly explained that "[b]y using broad language directing the Interior Secretary to administer the Program with no timetable apart from the two deadlines for the mandated lease sales, Congress left the timetable for the vast majority of the Program's implementation to DOI's discretion." *Alaska Indus. Dev. & Exp. Auth.*, 2023 WL 5021555, at *9 (citations omitted). As such, this argument fails to address the Rule 59(e) burden and does little more than "ask [the C]ourt to rethink what the [C]ourt had already thought through – rightly or wrongly." *Alaska Oil & Gas Ass'n*, 2013 WL 11897792, at *2 (internal quotation marks and citations omitted).

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' and Intervenor-Plaintiff's Motion to Alter or Amend.

DATED: September 19, 2023.    TODD KIM
　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　Environment and Natural Resources Division

---

[2] It bears noting that Movants could not undertake lease implementation actions regardless of whether they prevail on their Motion, because the Department of the Interior cancelled the corresponding leases in a Decision dated September 6, 2023, *see* Ex. 1 hereto.

                              */s/ Paul A. Turcke*
                              PAUL A. TURCKE
                              Trial Attorney
                              Natural Resources Section
                              1290 West Myrtle Street, Suite 500
                              Boise, ID 83702
                              202-532-5994 || 202-305-0275 (fax)
                              paul.turcke@usdoj.gov

                              *Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Attorney Advisor
Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on September 19, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

                              */s/ Paul A. Turcke*
                              Paul A. Turcke