Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Victoria Clark (AK Bar No. 0401001)
TRUSTEES FOR ALASKA
121 W Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bbrisson@trustees.org
sbostrom@trustees.org
bpsarianos@trustees.org
vclark@trustees.org

*Attorneys for Intervenor-Defendants Gwich'in Steering Committee, et al.*

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
50 F St., NW 8th Floor
Washington, DC 20001
Phone: (202) 548-4584
Fax: (202) 547-6009
karimah.schoenhut@sierraclub.org

*Attorney for Intervenor-Defendant Sierra Club*

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, *et al.*,<br><br>     Plaintiffs,<br><br>  and<br><br>STATE OF ALASKA,<br><br>     Intervenor-Plaintiff, | Case No. 3:21-cv-00245-SLG |

v.

JOSEPH R. BIDEN, JR., *et al.*,

        Defendants,

and

NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT, *et al.*,

        Intervenor-Defendants.

**INTERVENOR-DEFENDANTS GWICH'IN STEERING COMMITTEE ET AL.'S AND INTERVENOR-DEFENDANTS NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT ET AL.'S JOINT RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM FINAL JUDGMENT**

Intervenor-Defendants Gwich'in Steering Committee et al. (collectively Gwich'in Steering Committee) and Intervenor-Defendants Native Village of Venetie Tribal Government et al. (collectively the Tribes) oppose Plaintiffs Alaska Industrial Development and Export Authority et al. (collectively AIDEA) and Intervenor-Plaintiff State of Alaska's (the State) Motion for Relief from Final Judgment, ECF No. 84 [hereinafter Mot.]; *see* J. in a Civil Action, ECF No. 73. AIDEA and the State assert that they are entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6) because the U.S. Department of the Interior (Interior) recently cancelled AIDEA's leases.

Their central argument for relief under Rule 60(b)(5) is that because Interior cancelled AIDEA's leases, the case is now moot. *See* Lease Cancellation Mem. (Sept. 6,

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG         Page 2

Case 3:21-cv-00245-SLG    Document 90    Filed 11/07/23    Page 2 of 15

2023), ECF No. 79-1. This case is not moot because the challenged Executive Branch actions remain in effect with regard to the permitting of any oil and gas activities on the Coastal Plain of the Arctic National Wildlife Refuge. AIDEA and the State next argue that they are entitled to relief under Rule 60(b)(6) because lease cancellation is an extraordinary circumstance. However, AIDEA had been on notice for over two years that Interior was considering cancelling its leases. The fact that Interior did so is not extraordinary. Their motion should be denied.

## LEGAL FRAMEWORK

A motion for relief from judgment under Rule 60(b)(5) allows a court to relieve a party from final judgment when, among other reasons, "applying it prospectively is no longer equitable." The burden is on the party seeking relief to show that circumstances have changed in a way that warrants relief from the judgment. *Horne v. Flores*, 557 U.S. 433, 447 (2009). The party must show that the facts have changed such that "continued enforcement [is] 'detrimental to the public interest.'" *Id*. (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)).

Rule 60(b)(6) allows for relief from judgment for "any other reason that justifies relief." Rule 60(b)(6) applies "only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). Relief under Rule 60(b)(6) is "available only in extraordinary circumstances." *FTC v. Hewitt*, 68 F.4th 461, 468 (9th Cir. 2023) (quotation omitted). Courts can consider various factors when determining whether relief under Rule 60(b)(6) is appropriate,

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                    Page 3

Case 3:21-cv-00245-SLG    Document 90    Filed 11/07/23    Page 3 of 15

including "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustices in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S 847, 864 (1988).

Regarding mootness, courts can only hear "cases" or "controversies." U.S. CONST. art. III, § 2, cl. 1. The controversy that provides the court jurisdiction to hear a case must exist throughout the pendency of the entire case. *Timbisha Shoshone Tribe v. U.S. Dep't of the Interior*, 824 F.3d 807, 811–12 (9th Cir. 2016). A case "becomes moot when it 'loses its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law.'" *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065 (9th Cir. 2002) (quoting *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir 2001)). The "hallmark of mootness" is "where no effective relief for the alleged violation can be given." *Id.* at 1065. The "central question" in deciding whether a case is moot is "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Timbisha Shoshone* Tribe, 824 F.3d at 812 (quoting *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005)). Once a case becomes moot, the court lacks jurisdiction to hear the case and must dismiss. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 4

Case 3:21-cv-00245-SLG    Document 90    Filed 11/07/23    Page 4 of 15

# ARGUMENT

On September 6th, the Deputy Secretary cancelled AIDEA's seven leases on the Coastal Plain and refunded AIDEA's bonus bids and first-year rental monies. Lease Cancellation Mem. at 1, 7. AIDEA and the State seek relief from this Court's adverse judgment on the basis that the case is moot and because the lease cancellation is an extraordinary circumstance. The case is not moot; the challenged actions remain in effect with regard to permit applications. Additionally, far from an extraordinary circumstance, AIDEA has been aware for over two years that Interior was considering cancelling its leases. Accordingly, this Court should deny the motion.

## I. THE CHALLENGED EXECUTIVE BRANCH ACTIONS REMAIN IN EFFECT AND CONTINUE TO PREVENT OIL AND GAS ACTIVITIES ON THE COASTAL PLAIN.

While the Deputy Secretary cancelled AIDEA's leases, neither President Biden nor the Secretary of the Interior have taken any action to revoke Executive Order 13990 or Secretarial Order No. 3401 — both of which were focal points of this litigation. Nor has Interior altered its position that it will not consider or issue any permits for any oil and gas activities on the Coastal Plain until the agency adopts a revised oil and gas program. As such, the case is not moot,[1] and AIDEA and the State are not entitled to relief from the judgment under Rule 60(b)(5).

---

[1] Lease cancellation only impacted AIDEA and the State's arguments and relief as they relate to the Lease Suspension and Production Order, but it did not moot the claims in the case more broadly.

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                          Page 5

Case 3:21-cv-00245-SLG    Document 90    Filed 11/07/23    Page 5 of 15

The Executive Order instructed the Secretary to "place a temporary moratorium" on activities implementing the oil and gas program to conduct a new analysis. AR3351. The Secretary did so in Secretarial Order 3401: "I direct a temporary halt on all Department activities related to the [oil and gas] Program in the Arctic Refuge." AR 3362. As the Secretary explained in subsection 5(b) of her order, she imposed a temporary halt on activities related to the oil and gas program until the supplemental analysis is complete:

> Until the analysis in Sec. 5(a) above is complete, the Directors of the Bureau of Land Management (BLM) and the U.S. Fish and Wildlife Service shall not take any action to authorize any aspect of the Program, including, but not limited to, any leasing, exploration, development, production, or transportation, and shall not process any pending or future applications for such activities.

AR 3363. Subsection 5(c) separately directed the Assistant Secretary for Land and Minerals Management to take action to address the leases. *Id.* The Assistant Secretary did so in the Suspension of Operations and Production orders. AR3364–65.

Fundamentally, AIDEA and the State's arguments ignore the fact that the challenged actions will remain in effect until Interior adopts a new final oil and gas program, the Secretary takes action to supersede her order, or the agencies otherwise act to change their position regarding permitting activities. Contrary to AIDEA and the State's assertions, Interior's suspension of AIDEA's leases was not the only action challenged or even the "crux" of its claims. Mot. at 2. Throughout this litigation, AIDEA and the State's arguments were based on the theory that the Executive Order, Secretarial

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG  Page 6

Case 3:21-cv-00245-SLG   Document 90   Filed 11/07/23   Page 6 of 15

Order, lease suspension, and Interior's failure to act on permit applications collectively constituted an unlawful "moratorium." *See* Second Am. Compl. at 3–4, 28, ECF No. 34 (explaining the Secretarial Order "strips DOI . . . officials of discretion and imposes an unconditional mandate not to process any leases or applications for oil and gas operations on the Coastal Plain" and that order "constitutes a moratorium on all federal approvals of oil and gas operations on the Coastal Plain"); *id.* at 34–40; Pls.' Mot. for Summ. J. at 14–15, ECF No. 60 (asserting that "[t]aken together, Secretarial Order 3401 and Agency Defendants' actions in furtherance thereof (including the Coastal Plain lease suspensions and refusal to process applications) constitute a moratorium (the 'Moratorium')"); *id.* at 20, 25, 27, 29, 33–34, 38–40 (framing claims as challenging both lease suspension and failure to process permit applications); State of Alaska's Mot. for Summ. J. at 12–13, ECF No. 59 (describing how "cessation of further permitting" was unlawful); Pls.' Reply in Supp. of Mot. for Summ. J. at 7, 11, 13, 15–17, 19–20 & 20 n.12, ECF No. 67 (framing challenged action as suspending leases and not processing applications for activities); State of Alaska's Reply in Supp. of Mot. for Summ. J. at 4, ECF No. 66 (explaining that challenged action includes "cessation of all permitting"); *id*. at 15–16 (same); *see also* Order re Mots. for Summ. J. at 9–10, ECF No. 72 [hereinafter Order] (explaining challenged moratorium includes "issuance of Secretarial Order 3401, the [lease suspension letter], the responses to AIDEA and its contractors' attempts to conduct oil-and-gas-related activities on the lands leased pursuant to the Program, and the withholding of any further actions to implement the Program pending the ongoing NEPA

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG    Page 7

Case 3:21-cv-00245-SLG    Document 90    Filed 11/07/23    Page 7 of 15

review"). AIDEA and the State do not acknowledge that they challenged Secretarial Order 3401 and the agency's pause on processing permit applications as part of the alleged unlawful moratorium. Nor do they explain how lease cancellation renders their challenge to Secretarial Order 3401 and the pause on all permitting activities moot. It does not.

In support of their motion, AIDEA also asserts that because it no longer has leases, it could not undertake activities on the Coastal Plain. Mot. at 3, 7. This is contrary to AIDEA's litigation position that it does not need a lease to conduct exploration activities on the Coastal Plain. Second Am. Compl. at 29–30. It is also inconsistent with Plaintiff Kaktovik Inupiat Corp.'s (KIC) application to conduct seismic exploration as a non-leaseholder. AR 3408–3653, AR3712 (application from KIC, a non-leaseholder, for seismic exploration authorizations). Under AIDEA's prior position, the fact that AIDEA's leases are now cancelled would not prevent it from applying to conduct oil and gas activities on the Coastal Plain. AIDEA should not be permitted to change its position to argue mootness and seek relief from an adverse judgment.

Relatedly, KIC — which never held leases on the Coastal Plain — argued that "the moratorium prevents KIC from performing its own Coastal Plain seismic operations." Decl. of Charles Lampe at 6, ECF No. 60-2; *see also* Pls. Mot. for Summ. J. at 18 (describing KIC's asserted harm as being unable to conduct seismic activities). In response to a request from KIC to conduct seismic operations and obtain an incidental harassment authorization, the U.S. Fish and Wildlife Service explained that it would not

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                                      Page 8

Case 3:21-cv-00245-SLG     Document 90     Filed 11/07/23     Page 8 of 15

process the application until completion of the supplement environmental review process required by the Secretary's order. AR3718. These facts demonstrate that this case is not moot. AIDEA's motion fails to address them.

Importantly, AIDEA and the State acknowledge that Interior has not yet adopted a new oil and gas program. Mot. at 5. They assert instead that there is no relief that can be provided now because Interior recently issued the draft supplemental environmental impact statement (EIS) for the oil and gas program, and Interior is scheduled to adopt a final program within the next year. Mot. at 2–3, 5. AIDEA and the State do not explain how the issuance of a draft supplemental EIS moots the case given that the Secretary's order calls for a pause in all activities until a new program is adopted, which has not occurred yet. AR 3363. It does not. The challenged Secretarial Order remains in effect. Indeed, if AIDEA, KIC, or some other entity applies to conduct oil and gas activities of any kind on the Coastal Plain at any point between now and when a new program is adopted, the Order would require that they be provided the same response that AIDEA and KIC previously received: pursuant to Secretarial Order No. 3401, until a new oil and gas program is adopted, the agencies will not process permit applications for any oil and gas activities. Therefore, vital components of the challenged actions remain in effect and the case is not moot.

Critically, contrary to AIDEA's arguments that there is no longer any relief that can be obtained, Mot. at 4–5, 7, AIDEA expressly sought an order vacating the Secretarial Order and "all suspensions of the processing of right-of-way or easement

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG　　　　　　　　　　　　　　　　　Page 9

Case 3:21-cv-00245-SLG　　Document 90　　Filed 11/07/23　　Page 9 of 15

applications for Coastal Plain oil and gas activities" as well as an injunction "compelling Defendants to . . . continue processing right-of-way and easement applications for oil and gas activities on the Coastal Plain." Pls.' Mot. for Summ. J. at 40; *see also* State of Alaska's Mot. for Summ. J. at 34 (requesting the Court order Interior "to promptly resume all activities necessary for the continuation of the Leasing Program"). AIDEA and the State's motion fails to explain why lease cancellation makes these remedies unavailable on appeal. These remedies are still available should AIDEA and the State pursue an appeal.

In sum, AIDEA and the State ignore their own claims, prior arguments, and requests for relief to assert that the case is moot and seek relief from an adverse judgment. But Interior's actions are still in effect and this case is not moot.[2] While AIDEA and the State may no longer have arguments that the Administration's actions are unlawful as they relate to the Lease Suspension and Production orders, all other challenged actions remain in effect and prevent any oil and gas activities on the Coastal Plain. Because AIDEA and the State have not shown that the case is moot, they have not

---

[2] Because the case remains a live controversy, the Gwich'in Steering Committee and the Tribes do not address AIDEA and the State's arguments regarding vacatur of the Court's summary judgment order. *See* Mot. at 7–9. However, vacatur under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) is not automatic, as AIDEA and the State assert. *NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007); *see also* Mot. at 7–8. Additionally, even if vacated, this Court's summary judgment order "will still be available and will still be citable for its persuasive weight." *NASD Disp. Resol.*, 488 F.3d at 1069; *contra* Mot. at 9.

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 10

Case 3:21-cv-00245-SLG   Document 90   Filed 11/07/23   Page 10 of 15

demonstrated that they are entitled to relief from this Court's judgment under Rule 60(b)(5).

## II. LEASE CANCELLATION IS NOT AN EXTRAORDINARY CIRCUMSTANCE.

AIDEA and the State assert that they are entitled to relief under Rule 60(b)(6) because lease cancellation is an extraordinary, and unexpected, circumstance. Mot. at 9–13. AIDEA asserts that the lease cancellation prior to the finalization of the program was unexpected. Mot. at 10–11. But AIDEA has been on notice since June 1, 2021, that Interior was considering cancelling its leases. AR3362–65. More recently, in the Addendum to Suspension of Operations and Production, Interior notified AIDEA that it would issue a new decision regarding its leases "[o]nce sufficient information is developed." AR 3405. The fact that it happened sooner than AIDEA expected cannot be said to be an extraordinary circumstance.

In making this argument, AIDEA asserts that there is no remedy or right to challenge the lease cancellation administratively. Mot. at 10. Yet AIDEA already filed a lawsuit challenging the lease cancellation in the U.S. District Court for the District of Columbia. *Alaska Industrial Dev. & Export Auth. v. U.S. Dep't of the Interior*, Case No. 1:23-cv-03126 (D.D.C. Oct. 18, 2023); Am. Notice of Filing of New Lawsuit Relating to Lease Cancellation, ECF No. 87. There is nothing "extraordinary" or even "abrupt" about the cancellation decision being made without the opportunity for an administrative appeal process and AIDEA's new lawsuit demonstrates its position that judicial review is available to challenge the decision.

---

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG    Page 11

Additionally, while AIDEA asserts that it had intended to submit comments defending the legality of its leases in the NEPA process, nothing prevented it from doing so sooner. Indeed, AIDEA specifically responded to Interior following lease suspension. AR3366–67; *contra* Mot. at 11 & n.31. AIDEA also submitted comments in response to the notice for scoping of the supplemental EIS in which it did exactly it claims it was denied the chance to do: defend the legality of its leases. Letter from AIDEA to Bureau of Land Management – Alaska State Office (Oct. 4, 2021), *available at* https://eplanning.blm.gov/eplanning-ui/project/2015144/570 ("AIDEA Scoping Comments - Supplemental EIS" letter in Comments-Folder6.zip under Scoping Materials and Public Comments heading).

AIDEA's arguments also question the motives of agency officials. Mot. at 11–12. According to AIDEA, because the case is moot, it does not make sense to develop the facts regarding the motivations of the Administration. Mot. at 12–13. But as explained above, this case is not moot. Regardless, AIDEA presents no facts, only speculation, regarding agency officials' motivations.

Finally, to the extent that AIDEA asserts that the Court was relying on the fact that AIDEA's leases had not been cancelled when ruling on the legality of the lease suspension and permitting pause, the Court only discussed lease cancellation in the context of explaining what was and was not at issue in the present case. Order at 17 & n.66, 36 n.153, 65–66; *see also* State of Alaska's Mot. for Summ. J. at 25–26 (challenging "moratorium" as unlawfully cancelling leases); State of Alaska's Reply in

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                    Page 12

Case 3:21-cv-00245-SLG   Document 90   Filed 11/07/23   Page 12 of 15

Supp. of Mot. for Summ. J. at 10–14 (challenging "moratorium" as related to lease cancellation).

In sum, AIDEA was aware that Interior might take further action on its lease suspension decision when Interior had more information and AIDEA engaged with the agency on multiple occasions to defend its leases. The fact that the agency cancelled AIDEA's leases based on the information developed in the draft supplemental EIS is not an extraordinary circumstance and AIDEA and the State are not entitled to relief under Rule 60(b)(6).

## **CONCLUSION**

Because the case is not moot and lease cancellation is not an extraordinary circumstance, this Court should deny AIDEA and the State's Motion for Relief from Judgment.

Respectfully submitted this 7th day of November, 2023.

s/ Brook Brisson
Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Vicki Clark (AK Bar No. 0401001)
TRUSTEES FOR ALASKA

*Attorneys for Intervenor-Defendants Gwich'in Steering Committee et al.*

s/ Karimah Schoenhut (consent)
Karimah Schoenhut (pro hac vice)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM

*Attorney for Intervenor-Defendant Sierra Club*

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG    Page 13

Case 3:21-cv-00245-SLG    Document 90    Filed 11/07/23    Page 13 of 15

        <u>s/ Matthew N. Newman (consent)</u>
        Matthew N. Newman (AK Bar No. 1305023)
        Megan R. Condon (AK Bar No. 1810096)
        NATIVE AMERICAN RIGHTS FUND
        745 West 4th Avenue, Suite 502
        Anchorage, AK 99501
        Phone: 907-276-0680
        mnewman@narf.org
        wfurlong@narf.org
        mcondon@narf.org

*Lead Counsel for Intervenor-Defendants Native Village of Venetie Tribal Government et al.*

Peter H. Van Tuyn (AK Bar No. 8911086)
Karen E. Schmidt (AK Bar No. 1211113)
BESSENYEY & VAN TUYN, LLC
310 K Street, Suite 200
Anchorage, AK 99501
Phone: 907-278-2000
peter@bvt-law.com
karen@bvt-law.com

*Co-Counsel for Intervenor-Defendants Native Village of Venetie Tribal Government et al.*

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG      Page 14

Case 3:21-cv-00245-SLG   Document 90   Filed 11/07/23   Page 14 of 15

# CERTIFICATE OF SERVICE

      I certify that on November 7, 2023, I caused a copy of the INTERVENOR-DEFENDANTS GWICH'IN STEERING COMMITTEE ET AL.'S AND INTERVENOR-DEFENDANTS NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT ET AL.'S JOINT RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system.

                                              s/ Brook Brisson
                                              Brook Brisson

Intervenor-Defendants' Joint Resp. in Opp'n to Mot. for Relief from J.
*AIDEA v. Biden*, Case No. 3:21-cv-00245-SLG                                      Page 15

Case 3:21-cv-00245-SLG   Document 90   Filed 11/07/23   Page 15 of 15